UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GAIL M. WILLIAMS,

         Plaintiff,      09-CV-246A(Sr)

v.

VERIZON SERVICE ORGANIZATION INC.,
VERIZON BUSINESS GLOBAL LLC,
VERIZON CORP. SERVICES GROUP INC.,
VERIZON CORP SERVICES GROUP INC.,
As Agent for VERIZON SERVICE ORGANIZATION INC.,
VERIZON BUSINESS GLOBAL LLC d/b/a
VERIZON BUSINESS,

         Defendants.

---

## REPORT, RECOMMENDATION AND ORDER

     This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6. Currently before the Court is plaintiff's motion to remand this matter back to New York State Supreme Court, Erie County (Dkt. #8) and defendants' cross-motion to dismiss defendant Verizon Corp Services Group Inc. as a fraudulently joined party and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #13). For the following reasons, it is recommended that plaintiff's motion to remand be granted and defendants' cross-motion to dismiss be denied as moot.

**BACKGROUND**

On February 3, 2009, plaintiff, Gail M. Williams, commenced this matter against Verizon Service Organization Inc., Verizon Business Global LLC, Verizon Corp Services Group Inc., Verizon Corp Services Group Inc., as Agent for Verizon Service Organization Inc., and Verizon Business Global LLC d/b/a Verizon Business in New York State Supreme Court, Erie County to recover commissions the plaintiff claims she earned in 2004 while an employee of Verizon and that have not been paid. Plaintiff also seeks damages under Article 6 of the New York State Labor Law. Dkt. #1, pp.7-12. Thereafter, on March 18, 2009, defendants filed a Notice of Removal removing this matter to the United States District Court for the Western District of New York on the basis of diversity of citizenship. Dkt. #1. Notwithstanding the claimed basis for removal, the Notice of Removal unequivocally states, "plaintiff is a citizen of the State of New York, as alleged in the complaint. ... Defendant Verizon Corp Services Group Inc. is a New York Corporation with a principal place of business in New Jersey."[1] *Id*. On March 23, 2009, defendants filed their Answer and Affirmative Defenses. Notably, in their Answer defendants admit the allegation that defendant Verizon Corp Services Group Inc. is a domestic [New York] corporation. Dkt. #4.

On April 6, 2009, plaintiff filed a motion to remand this case to New York State Supreme Court, Erie County on the grounds that this Court does not have subject

---

[1] Subsequent documents submitted by defendants suggest that defendant Verizon Corp Services Group Inc. has its principal place of business in New York, not New Jersey. Dkt. #13-2, p.5.

matter jurisdiction. Dkt. #8. Plaintiff maintains that removal of this matter to this Court was improper because the plaintiff is a citizen of New York and it is undisputed that defendant Verizon Corp Services Group Inc. is a New York corporation. In its opposition to plaintiff's motion to remand, defendants argue that plaintiff fraudulently joined Verizon Corp Services Group Inc. as a party in the matter to destroy diversity jurisdiction. Dkt. #13-2. In addition, in their cross-motion defendants seek an Order dismissing Verizon Corp Services Group Inc. as a fraudulently joined party and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #13. Defendants maintain that in 2004 (when plaintiff allegedly closed the sales for which she seeks commission in this matter) plaintiff was employed by Verizon Service Organization Inc., a Delaware corporation with a principal place of business in Texas. Dkt. #13-2, p.5. Defendants concede that plaintiff did indeed work for other entities in different years, such as Verizon Business Network Services and GTE Consolidated Services. However, defendants maintain that Verizon's records reflect that plaintiff was never an employee of Verizon Corp Services Group Inc. *Id*.

In further support of her motion to remand, plaintiff contends that during 2004, her Form W-2 Wage and Tax Statement was issued by Verizon Corp Services Group Inc. Dkt. #15; Dkt. #17. Redacted copies of plaintiff's W-2 Wage and Tax Statements for 2004 and 2005 were submitted to the Court in further support of plaintiff's motion to remand. Dkt. #17. The W-2 Wage and Tax Statements state plaintiff's employer to be "Verizon Corp Services Group Inc. as Agent for Verizon Service Org" and the tax identification number listed under the heading "Employer's

state ID no" is the tax identification number associated with Verizon Corp Services Group Inc.  *Id*.

## **DISCUSSION AND ANALYSIS**

"When a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979).  Where, as here, removal is predicated upon diversity of citizenship of the parties, a case is not removable unless the parties were diverse not only at the time removal is sought but also at the time the complaint was filed in state court.  *See Vasura v. Acands*, 84 F.Supp.2d 531 (S.D.N.Y. 2000).  "If the record ... does not reflect diversity at both stages, removal [is] improper and the case must be remanded."  *Id*. at 535-36.

It is well-settled that in order to establish that the naming of a non-diverse defendant constitutes a fraudulent joinder so as to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, "either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court.  The defendant seeking removal bears a heavy burden of proving

fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).

Here, on their face, the Complaint and the Notice of Removal unequivocally establish that the plaintiff is a citizen of New York and defendant Verizon Corp Services Group Inc. is a New York corporation, thereby defeating diversity jurisdiction and rendering the removal to this Court improper. Moreover, defendants' argument that plaintiff's inclusion of Verizon Corp Services Group Inc. as a defendant was a fraudulent joinder is unavailing especially in light of the W-2 Wage and Tax Statements submitted by plaintiff. At a minimum, there is an issue of fact with respect to which Verizon entity was plaintiff's employer in 2004. However, as noted above, all factual issues must be resolved in favor of the plaintiff. Accordingly, based on the foregoing it is recommended that plaintiff's motion to remand this matter to New York State Supreme Court, Erie County be granted and defendants' motion to dismiss be denied as moot.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of Court within ten (10) days after receipt of a copy of this Report,

Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk of Court is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 20, 2009

                                        *S/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**